## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR135 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| MAURICE FAULKNER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR.  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Court has also reviewed the Defendant's motion for downward departure or deviation and the accompanying brief.[1]  (Filing Nos. 57 and 58.)  The Defendant requests an order allowing him to serve his time at a detention "facility" where he can receive appropriate medical care and continue his chemical dependency rehabilitation.  In the Defendant's brief, it is acknowledged that the Defendant's severe obesity has contributed to the Defendant's medical problems.  (Filing No. 58, at 1-2.)  The doctor's letter accompanying the brief states that if the Defendant goes to prison, he "will need to have physical therapy, have doctors keep treating him for his massive obesity, and maybe with a controlled environment, he could finally lose some weight."  (Filing No. 58, Ex. 1.)

---

[1]The motion was brought in part under U.S.S.G. § 5H1.1, which relates to age.  The sentencing guideline relating to physical condition is U.S.S.G. § 5H1.4.

U.S.S.G. § 5H1.4 states that an "extraordinary" physical impairment may be grounds for a downward departure.  The Eighth Circuit Court of Appeals has described an "extraordinary" physical impairment as an impairment that is "'more dangerous for prisoners than for non-prisoners.'" *United States v. Robinson,* 409 F.3d 979, 981 (8th Cir. 2005) (quoting *United States v. Johnson,* 318 F.3d 821, 826 (8th Cir. 2003)).  In other words, to succeed a defendant must show that the U.S. Bureau of Prisons cannot accommodate the defendant's medical condition and provide appropriate medical care. *Id.*  From the record presented in the instant case, the doctor's statement accompanying the brief indicates that imprisonment and a diet in a controlled environment might actually improve the Defendant's obesity and therefore his remaining medical issues.  Because the Defendant has not shown that the Bureau of Prisons cannot accommodate the Defendant's medical condition or provide him with appropriate medical care, the motion is denied.

IT IS ORDERED:

1.     The parties are notified that my tentative findings are that the PSR is correct in all respects;

2.     The Defendant's motion for downward departure or deviation (Filing No. 57) is denied;

3.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

2

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.     Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 15th day of October, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge